

# The Attorney General of Texas

December 13, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Donald C. Klein, P. E.
Tex. Board of Registration for
  Professional Engineers
Room 200, 1400 Congress
Austin, Texas   78701

Dear Mr. Klein:

Opinion No. H- 1104

Re:  Authority of the
Board of Professional
Engineers to regulate
the use of certain aca-
demic titles.

You have requested our opinion regarding the statutory authority of the State Board of Professional Engineers to regulate the use of certain academic titles.

In Attorney General Opinion H-677 (1975), we held that the Board was not authorized to restrict the use of the word "engineer" in academic titles such as dean or professor of engineering. We stated therein that the general objectives of the Texas Engineering Practice Act, article 3271a, V.T.C.S.,

> contemplate the protection of the public against persons who "practice" engineering without fulfilling the requirements of regulation and licensing.

Attorney General Opinion H-677 (1975) at 3. We concluded that, since a "professor of engineering" does not in that capacity "practice" engineering, his employment as a professor was not subject to regulation by the Board.

The 65th Legislature recently amended section 4 of article 3271a to provide, in pertinent part:

> Responsible charge of engineering teach-ing and the teaching of engineering shall be considered as the practice of profes-sional engineering as defined by this Act for purposes of this section and for all other purposes in regard to the adminis-tration and enforcement of this Act.

(Emphasis added).  Acts 1977, 65th Leg., ch. 362, at 964.  In view of the Legislature's clear intention to include engineering teaching within the ambit of the "practice" of engineering for all purposes, we believe that the Board may now regulate and restrict the use of the word "engineer" and its variations in academic titles.  Accordingly, it is our opinion that the Board of Professional Engineers is presently authorized to promulgate a regulation such as the one at issue in Attorney General Opinion H-677.

## S U M M A R Y

The State Board of Professional Engineers is presently authorized to regulate and restrict the use of the word "engineer" and its variations in academic titles.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst